## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WASHINGTON PROPERTIES, INC., *et al.*[1] | ) | CASE NO. 16-50883 |
| | ) | (Request for Joint |
| | ) | Administration Pending) |
| | ) | |
| | ) | JUDGE KOSCHIK |
| | ) | |
| DEBTORS | ) | |

## DEBTORS' MOTION FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES; AND (II) APPROVING CAPTION FOR JOINTLY ADMINISTERED CASES

The above-captioned debtors and debtors in possession (collectively the "Debtors") hereby move the Court for the entry of an order pursuant to section 342 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 1005, 1015(b), and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (ii) approving a caption for the jointly administered cases.

In support of this Motion, the Debtors respectfully represent as follows:

1. On the date hereof (the "Petition Date"), the Debtors filed their voluntary petitions for relief. The Debtors continue the possession of their property and manage their business, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and

---

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses are: Washington Properties, Inc. (1231); Western Reserve of Medina, Ltd. (4201); and MRR Properties, LLC (3179).

reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' Chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and/or 1409.

3.      Detailed facts about the Debtors, the reasons for the commencement of their Chapter 11 cases, and additional support for this Motion are set forth in the Affidavit and Statement of Michael R. Rose in Support of Chapter 11 Petitions and First Day Pleadings (the "Rose Affidavit"), filed contemporaneously herewith.[2]

### Relief Requested

4.      The Debtors consist of three separate entities that are related to each other through the ownership and/or management of commercial real estate located in the Ohio counties of Medina and Wayne.  The Debtors operate in an integrated manner that requires the chapter 11 cases to be jointly administered.  Because of this integrated nature of operations, the expense and potential confusion of running separate chapter 11 cases would materially hamper the Debtors' restructuring efforts and drive up administrative costs.

A.      **Request for Joint Administration of the Chapter 11 Cases**

5.      Bankruptcy Rule 1015(b) provides in relevant part, "[i]f a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement."

6.      The Debtors are corporate entities and are affiliated through the consolidated

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Rose Affidavit.

operation of the businesses. WPI manages the operations of Western Reserve and MRR through a lease or operating agreement. Thus, the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and joint administration of their estates is appropriate under Bankruptcy Rule 1015(b). Accordingly, the Debtors request that their chapter 11 cases be jointly administered for procedural purposes only.

7. The joint administration of the Debtors' cases will have a number of beneficial effects. Joint administration of the cases will permit the Clerk of the Court to use a single general docket for the cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in the Cases will affect each of the Debtors and their estates. Joint administration will save time, money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein, and (b) file the papers in one case rather than in each of the Debtors' respective cases. Joint administration will also protect parties in interest by ensuring that parties in interest in each of the Cases will be notified of the various matters before the Court in each of the cases.

8. Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

**B.**    **Request for a Consolidated Case Caption**

9. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WASHINGTON PROPERTIES, INC., *et al.*[1] | ) | CASE NO. 16-[_____] through |
| | ) | 16-[_____] |
| | ) | |
| | ) | (Jointly Administered under Case |
| | ) | No. 16-[_____]) |
| | ) | |
| | ) | JUDGE KOSCHIK |
| DEBTORS | ) | |

---

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses are: Washington Properties, Inc. (1231); Western Reserve of Medina, Ltd. (4201); and MRR Properties, LLC (3179).

10.     In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the dockets for each affiliated Debtor to reflect the joint administration of the cases:

> An order (the "Joint Administration Order") has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Washington Properties, Inc., Western Reserve of Medina, Ltd., and MRR Properties, LLC.  The docket in Case No. 16-_____ should be consulted for all matters affecting these cases.

11.     Section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 provide that each notice served on interested parties in the Debtors' cases should include, in the caption, the applicable Debtor's name, address, employer identification number, last four digits of social security number, any other federal taxpayer-identification number, and all other names used within eight years before filing the petition.  *See* 11 U.S.C § 342(c).  Moreover, Bankruptcy Rule 2002 provides that the Court may establish the form of notices served in these bankruptcy cases.  *See* Fed. R. Bankr. P. 2002(m).  Accordingly, to further streamline the administration of the Debtors' chapter 11 cases, and to provide for consistent noticing procedures after joint

administration, the Debtors request approval of a single caption for the jointly administered cases as identified above.

12.     The Debtors submit that use of this simplified caption, naming Washington Properties, Inc., as the first of the Debtors, and omitting reference to each Debtor's state of incorporation, addresses, tax identification numbers, and previous name, will eliminate cumbersome and confusing procedures and ensure uniformity with respect to pleading identification.  Such information is included in the petitions for each respective Debtor, and such petitions are publicly available to parties in interest or will be provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002 have been satisfied.

13.     Relief similar to the relief requested herein has been granted by courts in this District and elsewhere in other Chapter 11 cases. *See, e.g., In re QSL of Medina, Inc.,* No. 15-52722 (AMK) (Bankr. N.D. Ohio Nov. 16, 2015); *In re Dana Lewis McDonalds, LLC,* No. 10-60002 (RK) (Bankr. N.D. Ohio Jan. 16, 2010); *In re B&C Corporation,* No. 09-51458 (MSS) (Bankr. N.D. Ohio April 14, 2009); *In re M&M Drying, Inc.,* No. 08-64058 (RK.) (Bankr. N.D. Ohio Dec. 2, 2008); *In re Nexpak Corp.,* No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004); *In re Am. Way Invs. Corp.,* No. 04-42629 (RB) (Bankr. N.D. Ohio June 9, 2004); *In re Waving Leaves, Inc.,* No. 03-66524 (RK) (Bankr. N.D. Ohio Dec. 3, 2003); *In re LTV Steel* Co., No. 00-43866 (WTB) (Bankr. N.D.  Ohio Dec. 29, 2000); *accord In re Dana Corp.,* No.  06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006).[3]

14.     Finally, an order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

---

[3] Copies of unreported orders are available upon request to Debtors' counsel.

15. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases. The Debtor further requests that a docket entry reflecting the joint administration in the same or substantially the same form as contained in this proposed order accompanying this Motion, be made in each of the Debtors' cases.

## Notice

16. No trustee, examiner or official committee has been appointed in this chapter 11 case. Notice of this Motion has been served on the following entities or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on the Debtors' Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; and (iii) the Debtors' secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## No Prior Request

17. No prior request for the relief sough herein has been made to this Court or any other court.


[This space intentionally left blank.]

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the Motion substantially in the form of that which is attached to this Motion as Exhibit A, (i) approving joint administration of the Debtors' chapter 11 cases for procedural purposes only; (ii) approving caption for jointly administered cases; and (iii) granting such other or further relief as the Court deems just and proper.

April 18, 2016                                    Respectfully submitted,


                                                 Roderick Linton Belfance LLP

                                                 /s/ Steven J. Heimberger
                                                 KATHRYN A. BELFANCE (#0018035)
                                                 TODD A. MAZZOLA (#0062160)
                                                 STEVEN J. HEIMBERGER (#0084618)
                                                 50 South Main Street, 10th Floor
                                                 Akron, Ohio 44308
                                                 Tele: (330) 434-3000
                                                 Fax: (330) 434-9220
                                                 kb@rlbllp.com
                                                 tmazzola@rlbllp.com
                                                 sheimberger@rlbllp.com
                                                 *Proposed Counsel for Debtors and Debtors in Possession*